IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION


VINCENT HUNTLEY,                              )
                              **Plaintiff,**          )
                                            )
**v.**                                       )          **No. 3:08-CV-1847-O**
                                            )          **ECF**
**SOUTHERN METHODIST UNIVERSITY, ET AL.,** )
                          **Defendants.**          )


## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

        Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this

case has been referred to the United States Magistrate Judge.  The findings, conclusions and

recommendation of the Magistrate Judge follow:

## FINDINGS AND CONCLUSIONS

### I.  Parties

        Plaintiff filed this complaint for violation of his civil rights pursuant to 42 U.S.C. § 1983,

and for intentional infliction of emotional distress.  He is proceeding pro se, and the Court has

granted him permission to proceed *in forma pauperis*.  Defendants are Southern Methodist

University ("SMU"), SMU Campus Police Department, and SMU police officer Walters.

### II.  Background

        Plaintiff states Defendants unlawfully searched and arrested him for burglary.  He also

argues Defendants made false statements to obtain search warrants, and that they failed to follow

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -1-

their own policies.  He states that as a result of Defendants' actions, he did not receive a fair trial and was convicted of burglary.  He seeks money damages, injunctive relief to remove the conviction from his record, and an order that Defendants must give Plaintiff the video-tape of his arrest.

## III.  Screening

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A.  That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal–(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from suit.").

Both § 1915A(b) and § 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is frivolous or fails to state a claim upon which relief may be granted.  A complaint is frivolous if it lacks an arguable basis in either law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

**Findings and Conclusions of the**
**United States Magistrate Judge**           Page -2-

### IV.  Discussion

1.       **Heck Bar**

Plaintiff claims Defendants unlawfully searched, arrested and prosecuted him.  He also alleges Defendants made false statements to obtain warrants.  In *Heck v. Humprey*, 512 U.S. 477 (1994), the Supreme Court held that a § 1983 claim attacking the constitutionality of a conviction or imprisonment does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87.  *Heck* also bars damage claims, which, if successful, would necessarily imply the invalidity of a conviction or pending charge.  *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996).

Plaintiff's claim for damages is clearly connected to the legality of his conviction.  A finding in favor of Plaintiff would imply the invalidity of his conviction.  Plaintiff's conviction, however, has not been reversed, expunged, or otherwise invalidated.  (*See* Magistrate Judge's Questionnaire, Answer 2).  Hence, no § 1983 cause of action has yet accrued and Plaintiff's § 1983 claims should be dismissed with prejudice until the *Heck* conditions are met.  *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (stating dismissal should be with prejudice until *Heck* conditions are met).

2.       **Injunctive Relief**

Plaintiff seeks an injunction to dismiss his criminal conviction.  This relief is not available under 42 U.S.C. § 1983.  Such a request is cognizable only in a habeas corpus action pursuant to 28 U.S.C. § 2241, *et seq.  See Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973);

*Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (stating that a petition for writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody, whereas a complaint pursuant to 42 U.S.C. § 1983 provides the proper avenue to challenge unconstitutional conditions of confinement and prison procedures); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam) (same).  Plaintiff's claim to dismiss his conviction should be denied.

**3.       State Law Claims**

Plaintiff raises the state law claim of intentional infliction of emotional distress.  He also seeks an order that Defendants give him the video-tape of his arrest.  Because the Court recommends that the federal question claim be dismissed, it also recommends that these state claims be dismissed.

Although Plaintiff alleges diversity jurisdiction, he has failed to show that diversity exists in this case.  On page two of the complaint, Plaintiff states he is a citizen of North Carolina.  On page eight of the complaint, however, he states he is a citizen of Texas and that he spends time with family in North Carolina.  Plaintiff's address is listed as Dallas, Texas.  (*See* docket entry No. 5).  Plaintiff therefore does not allege the diversity of citizenship necessary to proceed under § 1332.  *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991) (holding that "[t]he burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction.").  The Court recommends that Plaintiff's state law claims be dismissed without prejudice.

**RECOMMENDATION**

The Court recommends that: (1) Plaintiff's claims for money damages pursuant to 42 U.S.C. § 1983 be dismissed with prejudice until the *Heck* conditions are met; (2) Plaintiff's state law claims be dismissed without prejudice; and (3) Plaintiff's claim for injunctive relief pursuant to 42 U.S.C. § 1983 be dismissed with prejudice.

Signed this 20th day of April, 2009.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -5-

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on Plaintiff by mailing a copy to him by United States Mail.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a <u>de</u> <u>novo</u> determination by the District Court.  <u>See Thomas v. Arn</u>, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -6-